Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4058 | **DATE** | October 30, 2001 |
| **CASE TITLE** |  | *Chicago District Council of Carpenters Welfare Fund, et al. vs. Abel Angulo and Maria Rodriguez* | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court grants in part and denies in part defendant Angulo's motion to dismiss [4-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | OCT 3 1 2001 | |
| ✓ | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | CM | 9 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | '01 OCT 30 PM 4:48 | | |
| CW courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

CHICAGO DISTRICT COUNCIL OF )
CARPENTERS WELFARE FUND, )
EARL J. OLIVER, JEFFREY ISAACSON, )
KENNETH BORG, ROBERT )
QUANSTROM, RICHARD A. BAGGIO, )
MELVIN GRAY, BENJAMIN A. )
JOHNSTON, and STANLEY PEPPER, as )
Trustees of the CHICAGO DISTRICT )
COUNCIL OF CARPENTERS WELFARE ) Case No: 01 C 4058
FUND )
) Judge James H. Alesia
        Plaintiffs, )
)
       v. )
)
ABEL ANGULO and MARIA )
RODRIGUEZ, )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the court is defendant Abel Angulo's motion to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") and 9(b) ("Rule 9(b)"). For the following reasons, the court denies defendant's motion to dismiss under Rule 12(b)(6) and grants defendant's motion to dismiss under Rule 9(b).

### I. BACKGROUND

Plaintiff Chicago District Council of Carpenters Welfare Fund ("Welfare Fund") is a multi-employer fringe benefit trust fund. Plaintiffs Earl J. Oliver, Jeffrey Isaacson, Kenneth Borg, Robert Quanstrom, Richard A. Baggio, Melvin Gray, Benjamin A. Johnston, and Stanley

Pepper (collectively, "Trustees") are trustees of the fund. The Welfare Fund receives contributions from employers pursuant to collective bargaining agreements between the employers and the Chicago and Northeast Illinois District Council of Carpenters ("the Union"). LAMA Interiors, Inc. ("LAMA Interiors") is a construction company incorporated under the laws of Illinois. Defendants Maria Rodriguez ("Rodriguez") and Abel Angulo ("Angulo") are or were officers and agents of LAMA Interiors.

At all times relevant to this case, LAMA Interiors was bound to the Welfare Fund through a series of collective bargaining agreements. This collective bargaining agreement bound LAMA Interiors to the provisions of the Trust Agreements and Declarations of Trust that created the Welfare Fund. Under the agreement, LAMA Interiors employees who qualified as Welfare Fund participants as well as the spouses of those qualified participants were entitled to medical coverage through the Welfare Fund.

The complaint alleges that from May 1999 through August 1999, Rodriguez sought to qualify Angulo for Welfare Fund medical benefits by falsely reporting to the Welfare Fund that Angulo was a LAMA Interiors employee. Plaintiffs further allege that Angulo, in turn, falsely informed the Welfare Fund that Rodriguez was his wife, thus making her eligible for medical benefits. Plaintiffs claim that from September 13, 1999 through December 23, 1999, it paid $58,669.00 of medical claims on Rodriguez's behalf, in reliance upon the false statements of Rodriguez and Angulo. Plaintiffs bring this suit under the Employee Retirement Income Security Act ("ERISA") seeking to recover the $58,669.00 from Rodriguez and Angulo.

Angulo now moves to dismiss the complaint, claiming: (1) the plaintiffs cannot pursue an ERISA restitution claim alleging fraud against him and (2) the plaintiffs have failed to allege fraud with sufficient particularity to satisfy Rule 9(b).[1]

## II. DISCUSSION

### A. Standard for Deciding a Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir. 1992). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). The court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### B. Restitution Claims Under ERISA

The court must first determine whether ERISA provides a restitution action that allows a plan to recover benefits paid to a party that was not entitled to receive them. The court must

---

[1] Angulo argues in his reply that the court should dismiss the case to prevent the plaintiffs from forum-shopping. He points out that plaintiffs have an identical claim pending against the same defendants in a case before Judge Shadur and attaches two exhibits to his reply. When ruling on a motion to dismiss, pursuant to Rule 12(b)(6), a court must not look to materials beyond the pleading itself. *Duda v. Bd. of Educ. of Franklin Park*, 133 F.3d 1054, 1056 n.1 (7th Cir. 1998). Therefore, both of Angulo's exhibits are inappropriate for consideration by this court in ruling on this motion. Furthermore, the court brought this case to the attention of Judge Shadur, who determined that it was not sufficiently related to the case before him to merit reassignment under Local Rule 40.4.

3

then decide whether the plaintiffs can pursue restitution in this case against Angulo, who did not receive any of the benefits in question.

### 1. ERISA Restitution Claims for Improperly-Paid Benefits

The parties agree that ERISA preempts claims for restitution and fraud under the common law of Illinois. Plaintiffs, in their complaint, allege that this is a case for restitution that arises under 29 U.S.C. § 1132 and not under the Illinois common law. Angulo admits that ERISA provides a cause of action for restitution but argues that plaintiffs cannot pursue that remedy against him under these facts. The court agrees with the plaintiffs.

According to 29 U.S.C. § 1132:

> A civil action may be brought ... by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3). According to ERISA, a fiduciary is a person who "exercises any discretionary authority or discretionary control respecting management of such plan ... or ... has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). Pension fund trustees are considered fiduciaries under ERISA. *See Schmidt v. Sheet Metal Workers' Nat'l Pension Fund*, 128 F.3d 541, 547 (7th Cir. 1997) (citing 29 C.F.R. § 2509.75-8(D-3), which rules that pension fund trustees, by nature, have discretionary authority or responsibility and are, therefore, fiduciaries). Therefore, because the plaintiff Trustees in this case are ERISA fiduciaries, they are proper plaintiffs to bring this action under 29 U.S.C. § 1132(a)(3).

4

According to the Seventh Circuit, restitution is "undoubtedly an equitable action," for the purposes of 29 U.S.C. § 1132(a)(3). *Cent. States, Southeast & Southwest Areas Health & Welfare Fund v. Neurobehavioral Assoc., P.A.*, 53 F.3d 172, 174 (7th Cir. 1995). The Seventh Circuit has allowed ERISA fiduciaries to bring an action for restitution when a plan has mistakenly overpaid benefits. *Id.* In *Central States*, a multiemployer benefits plan received a $100 claim for medical benefits from one of its qualified members. Due to a clerical error, the plan paid the health care provider $10,000. The plan then brought an action for restitution under 29 U.S.C. § 1132(a)(3) to recover the unauthorized benefits that it had mistakenly paid. The Seventh Circuit reversed the district court's dismissal of the case and held that ERISA authorized the plan's claim because the plan was seeking to recover benefits that it had paid in violation of the terms of the plan. *Id.* at 173. The case currently before the court is analogous to *Central States* because these plaintiffs are also seeking the recovery of medical benefits that were not properly paid under the plan. This is, therefore, an appropriate action for restitution under ERISA because the plaintiff Trustees bring this suit under 29 U.S.C. § 1132 as ERISA fiduciaries seeking restitution of Rodriguez's medical benefits. Nevertheless, even though ERISA provides fiduciaries with a restitution cause of action, the question remains as to whether the plaintiffs can pursue this claim against Angulo because Angulo did not receive any of the medical benefits.

### 2. ERISA Restitution Claims Against a Party Who Has Not Been Unjustly Enriched

Angulo argues that the plaintiffs cannot pursue a claim for restitution against him because he has not been unjustly enriched in this case. Angulo contends that he received nothing and that

5

the plaintiffs can properly seek restitution only from Rodriguez, who received the medical care, or Rodriguez's health care providers, who received the money. Plaintiffs argue that Angulo actively participated in deceiving the Welfare Fund, that deception induced the Welfare Fund to pay for Rodriguez's medical care and Angulo's involvement entitles the plaintiffs to restitution from Angulo. The court agrees with the plaintiffs.

In cases brought for equitable relief under ERISA, restitution is available when one party has been unjustly enriched at the expense of another party. *Harris Trust & Sav. Bank v. Provident Life & Accident Ins. Co.*, 57 F.3d 608, 615 (7th Cir. 1995). A party seeking restitution must establish: (1) that party had a reasonable expectation to be paid, (2) the enriched party should have expected to pay, or (3) nonpayment would defeat the reasonable expectations of society. *Id.* This is an unusual claim for restitution because the plaintiffs are not seeking the remedy from either Rodriguez or her health care providers – the two parties who have benefitted from this transaction. Instead, the plaintiffs are seeking restitution from Angulo, who helped deceive the Welfare Fund but did not receive anything from the transaction.

Another court in this district has ruled that a benefit plan can use ERISA to pursue restitution against a party who helped deceive the benefit plan, but who did not receive any benefits. *Chicago District Council of Carpenters Pension Fund v. Reinke Insulation Co.*, 94 C 2296, 1996 WL 99710 (N.D. Ill. March 4, 1996). In *Reinke*, an employer intentionally over-reported an employee's hours worked and the employee consequently qualified for plan medical benefits to which he would not have otherwise been entitled. Consequently, the plan paid for the employee's medical care. Although the employer did not receive any benefit from the

transaction, the pension fund brought an action under 29 U.S.C. § 1132(a)(3), seeking restitution of the paid medical benefits from the employer. The *Reinke* court noted that it could not see how the employer had been unjustly enriched, but held that Section 17 of the Restatement of Restitution entitled the pension fund to restitution from the employer, even though the employer had not been unjustly enriched. The *Reinke* court's analysis is applicable to this case.

According to Comment "e" to Section 17, "A person who makes a payment to another in accordance with a contract with a third person is entitled to restitution from the third person ... if the contract was obtained by the fraud or misrepresentation of the third person." Restatement of Restitution § 17 cmt. e. In this case, plaintiffs allege that the Welfare Fund provided medical benefits to Rodriguez because Angulo had qualified Rodriguez for those benefits by misinforming the Welfare Fund that Rodriguez was his wife. Angulo's misrepresentation created a contractual obligation, under the documents governing the Welfare Fund, that the Welfare Fund pay for Rodriguez's health care. Because this contractual duty resulted from Angulo's misrepresentation to the Welfare Fund, the plaintiffs are entitled to seek restitution from Angulo. His failure to repay those benefits to the Welfare Fund would defeat the reasonable expectations of society.

For these reasons, the court finds that the plaintiffs have stated a claim upon which relief can be granted and thus denies Angulo's motion to dismiss pursuant to Rule 12(b)(6).

## C. Pleading Fraud with Particularity Under Rule 9(b)

Angulo also argues that the plaintiffs have failed to allege fraud with sufficient particularity to satisfy Rule 9(b). Federal Rule of Civil Procedure 9(b) creates an exception to

7

the general federal notice pleading rule. According to the rule, a complaint alleging fraud must state the circumstances constituting fraud with particularity. FED. R. CIV. P. 9(b). Plaintiffs argue that this is not a case alleging fraud because ERISA preempts common-law fraud claims and that, consequently, Rule 9(b) does not apply to this case. Plaintiffs contend, however, that if Rule 9(b) applies, the complaint does sufficiently allege fraud.

Therefore, the court must first determine whether Rule 9(b) applies to this case. If the rule applies, the court must then determine whether the plaintiffs complied with the rule.

### 1. **Rule 9(b) Applies to this Case**

Plaintiffs argue, without offering any supporting authority, that Rule 9(b) does not apply because it brings this case under ERISA and not as a state-law fraud claim. The court disagrees with the plaintiffs.

Other courts in this district have ruled that Rule 9(b) applies to ERISA cases alleging deception and misrepresentation. *Adamczyk v. Lever Bros. Co.*, 991 F. Supp. 931 (N.D. Ill. 1997); *Bd. of Tr., Sheet Metal Workers' Nat'l Pension Fund v. Ill. Range, Inc.*, 186 F.R.D. 498, 503 (N.D. Ill. 1999). The *Adamczyk* court applied Rule 9(b) to the plaintiffs' allegations of misrepresentation that provided the basis for their breach of fiduciary claims and dismissed some of those claims for failure to comply with Rule 9(b). The *Illinois Range* court applied Rule 9(b) to a case alleging that defendants sought to avoid and evade withdrawal liability under ERISA by engaging in certain improper transactions. Because of the similarities between these two cases and the case currently before the court, the court finds that Rule 9(b) applies to this case.

Having determined that Rule 9(b) applies to this case, the court must decide whether the complaint satisfies those heightened pleading requirements.

## 2. The Welfare Fund's Complaint Does not Comply With Rule 9(b)

Angulo argues that the plaintiffs have failed to plead fraud with sufficient particularity to satisfy Rule 9(b) because they have not alleged the time, place, or method of Angulo's alleged misrepresentations. Plaintiffs contend that the complaint conforms to the Rule 9(b) requirements. The court agrees with Angulo.

To meet the particularity requirements of Rule 9(b), a complaint must specify the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff. *Slaney v. Int'l Amateur Ath. Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001). In this case, the complaint identifies Angulo as one of the parties who is alleged to have made misrepresentations. The complaint fails, however, to describe the time, place, and methods by which Angulo informed the Welfare Fund that Rodriguez was his wife. Plaintiffs provide a more detailed description of Angulo's and Rodriguez's methods in their response. However, a plaintiff cannot amend its complaint in its briefs in opposition to a motion to dismiss. *Gomez*, 811 F.2d at 1039. Therefore, the court must not consider those portions of the plaintiffs' reply and must focus only upon the sufficiency of the complaint. Because the complaint does not plead the necessary details of Angulo's alleged misrepresentations, the court finds that the complaint does not meet the heightened pleading standards of Rule 9(b).

Because the court finds that the complaint in this case does not comply with Rule 9(b), the court grants Angulo's motion to dismiss. Accordingly, Plaintiffs' claim is dismissed without prejudice. *See Galdikas v. Fagan*, 01 C 4268, 2001 WL 1223539 (N.D. Ill. Oct. 10, 2001) (dismissing fraud claim without prejudice for failure to comply with Rule 9(b)).

### III. CONCLUSION

For the foregoing reasons, the court denies defendant's motion to dismiss pursuant to Rule 12(b)(6) and grants defendant's motion to dismiss under Rule 9(b). Plaintiff is given ten days to file an Amended Complaint that complies with Rule 9(b).

Date: **OCT 30 2001**

James H. Alesia
United States District Judge